Leticia VALDEZ, Plaintiff–Appellant,

v.

ALLSTATE INSURANCE COMPANY, an Illinois corporation; Allstate Indemnity Co., an Illinois corporation, Defendants–Appellees.

No. 03–16253.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2004.

Filed June 22, 2004.

Wayne C. Arnett, Arnett & Arnett, Tempe, AZ, for the plaintiff/appellant.

Keith B. Forsyth, Herman, Goldstein & Forsyth, Phoenix, AZ, for the defendants/appellees.

Before J. CLIFFORD WALLACE, ALEX KOZINSKI, and SIDNEY R. THOMAS, Circuit Judges.

WALLACE, Senior Circuit Judge:

Leticia Valdez appeals from a summary judgment granted in favor of Allstate Insurance Company (Allstate) on her claim under Arizona tort law for breach of the duty of good faith and fair dealing. Be-

cause the record does not indicate whether the district court properly exercised diversity jurisdiction, we remand.

## I.

On December 22, 1997, Valdez's automobile collided with a vehicle driven by Velvet Sanchez in Yuma, Arizona. After collecting the limit of Sanchez's insurance, Valdez sought to recover an additional $15,000 from Allstate pursuant to her automobile insurance policy's underinsured motorist coverage. Allstate initially resisted, leading to an arbitrator award in favor of Valdez for $40,000 in total damages. Allstate paid Valdez $15,000—the difference between the $40,000 award and the $25,000 Valdez already received. Valdez accepted Allstate's tender only after Allstate withdrew an accompanying "Release and Acknowledgment of Satisfaction of Award of Arbitrator" and replaced it with a simple "Satisfaction of Arbitrator's Award."

Unsatisfied with Allstate's handling of her claim, Valdez filed suit in Yuma County (Arizona) Superior Court on October 12, 2001. The complaint alleged that Allstate acted unreasonably in processing her claim and thus breached its duty of good faith and fair dealing. Valdez requested an unspecified amount of both actual and punitive damages, "general damages in a sum in excess of $50,000.00," reasonable "attorneys' fees pursuant to [Arizona Revised Statutes section] 12–341.01," reasonable costs, and "such other and further relief as the Court deems just and proper."

Allstate removed the Arizona tort-law action on November 13, 2001, to the United States District Court for the District of Arizona, maintaining that the parties' diversity of citizenship afforded federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). In its "Petition for Removal" (i.e., Notice of Removal), Allstate averred "upon information and belief ... that the amount in controversy ...

exceeds $75,000.00. [Valdez]'s complaint alleges she has suffered a loss of insurance benefits, financial loss, and emotional distress, and further alleges entitlement to punitive damages and attorneys' fees in an unspecified amount." This appears to have been the last time that either the parties or the court mentioned whether the amount in controversy exceeded $75,000, the threshold amount required for federal subject matter jurisdiction in diversity cases. At oral argument, the parties conceded that they had not asked the district court to determine whether the amount-in-controversy requirement had been met, nor had the district court done so.

## II.

■ We are obligated to consider sua sponte whether we have subject matter jurisdiction. *Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, 1093 (9th Cir.2004). We must "satisfy [our]self not only of [our] own jurisdiction, but also that of the lower courts in a cause under review." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (internal quotation marks and citation omitted). "If the district court lacked jurisdiction, we would have jurisdiction to correct the jurisdictional error, but not to entertain the merits of an appeal." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir.2003) (per curiam order).

■ We are unable to satisfy ourselves that the district court had jurisdiction. In order to remove Valdez's Arizona state law civil action, Allstate must show that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see id.* § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States

have original jurisdiction, may be removed by the defendant...."). Valdez's state court complaint falls short of even seeking the threshold amount. The only discrete sum requested is "general damages ... in excess of $50,000.00"; the complaint does not attach a dollar figure to Valdez's remaining prayers for relief.

Since "it [was] not facially evident from the complaint that more than $75,000 [was] in controversy," Allstate should have "prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold." *Matheson*, 319 F.3d at 1090; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir.1996). Allstate did not. Its only effort was the statement in its "Petition for Removal" that "upon information and belief,[it] submit[s] that the amount in controversy ... exceeds $75,000.00." "[I]nformation and belief" hardly constitutes proof "by a preponderance of the evidence." *See Matheson*, 319 F.3d at 1090–91 ("Conclusory allegations as to the amount in controversy are insufficient."). To discharge its burden, Allstate needed to "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez*, 102 F.3d at 404; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992) (per curiam) (holding that a conclusory allegation "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the defendant]'s burden of setting forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds" the applicable dollar value).

■ At oral argument, Allstate expressed frustration that Arizona's rules of civil procedure bar plaintiffs from stating a "dollar amount or figure for damages" when "pursuing a claim other than for a sum certain or for a sum which can by computation be made certain." Ariz. R. Civ. P. 8(g). This rule, Allstate posited, hinders a defendant's ability to remove statelaw actions from Arizona courts. We are not unsympathetic, but we reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375–77 (9th Cir.1997) (considering a similar California provision prohibiting certain plaintiffs from demanding a specific dollar sum in the complaint); *Gaus*, 980 F.2d at 566–67 (considering a Nevada provision requiring a non-specific demand for damages "in excess of $10,000" where plaintiff seeks any such amount). Nor does it present an insurmountable obstacle to quantify the amount at stake when intangible harm is alleged; the parties need not predict the trier of fact's eventual award with one hundred percent accuracy. *See, e.g., Singer*, 116 F.3d at 377. Instead, "[a]lthough we have not addressed the types of evidence defendants may rely upon to satisfy the preponderance of the evidence test for jurisdiction, we have endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*, 319 F.3d at 1090, *quoting Singer*, 116 F.3d at 377; *see, e.g., Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.2002) (per curiam) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Singer*, 116 F.3d at 376–77 (holding that a judicial admission may establish the amount in controversy).

### III.

Therefore, in the absence of any explicit district court determination that Valdez's state-law claim, which requested a sum in excess of $50,000 general damages plus unspecified amounts of other damages,

met the amount in controversy (or any indication that Allstate proved as much by a preponderance of the evidence), "there is at least a serious question whether more than $75,000 was in controversy when this case was removed." *Matheson,* 319 F.3d at 1091. Since "[w]e cannot consider the merits of the appeal before assuring ourselves that the district court had jurisdiction," we consequently "remand this matter to the district court for a determination of whether the amount in controversy is sufficient to establish jurisdiction." *Id.* We leave it to the district court to conduct the proceedings and consider the evidence it deems appropriate for its task.

If the district court determines that it is sufficiently doubtful that the amount-in-controversy requirement has been met and thus that federal subject matter jurisdiction is lacking, the district court should vacate its summary judgment and remand to state court. *See id.* at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court."); *Sanchez,* 102 F.3d at 406 (concluding that the amount-in-controversy requirement went unsatisfied and thus "vacat[ing] the district court's judgment and remand[ing] the case to the district court with instructions to enter an order remanding the case to state court"). If the district court satisfies itself that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a), this panel retains jurisdiction over all further proceedings, including review of Valdez's appeal on the merits.

REMANDED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.