**Syed BASHIR, Plaintiff–Appellant,**

v.

**The BOEING COMPANY,**
**Defendant–Appellee.**

No. 05–55321.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2007.

Filed June 11, 2007.

Rami Kayyali, Esq., Los Angeles, CA, for Plaintiff–Appellant.

Allan P. Loewe, Esq., Peck & Loewe, Westlake Village, CA, for Defendant–Appellee.

Before: TROTT, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

For the first time on appeal, Syed Bashir challenges the district court's jurisdiction to hear his state law claims that Boeing removed pursuant to 28 U.S.C. § 1441. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The party seeking removal bears the burden of establishing by a preponderance of the evidence that the diversity of citizenship and $75,000 amount in controversy requirements of 28 U.S.C. § 1332(a) are met. *See Serrano v. 180 Connect, Inc.,* 478 F.3d 1018, 1021 (9th Cir.2007); *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir.2004).

In its removal petition, Boeing stated that Bashir was a citizen of California, whereas Boeing was incorporated in Delaware and had its principal place of business in Illinois. Boeing supported its own citizenship claim with a signed declaration of its attorney. On appeal, Bashir does not claim that Boeing was a citizen of California, but complains only that the district court did not have enough information to make a decision. Because Bashir did not challenge Boeing's citizenship assertions in the district court, and because the pleadings did not establish a substantial question as to Boeing's citizenship at the time of removal, we conclude Boeing established diversity by a preponderance of the evidence. *See Schnabel v. Lui,* 302 F.3d 1023, 1031–32 (9th Cir.2002).

As for the amount in controversy, Bashir did not claim a specific amount of damages in his complaint. However, in answering Boeing's interrogatories only four months after removal, Bashir claimed over $200,000 in damages relating to lost wages and other employment benefits. Evidence outside the complaint and the removal notice may be consulted to determine if removal jurisdiction existed at the time of removal. *See Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir.2005); *Valdez,* 372 F.3d at 1117. We conclude

that the $75,000 amount in controversy requirement was satisfied.

Finally, we determine that Bashir's appeal was not wholly frivolous, and deny Boeing's request to file a motion for fees and costs pursuant to Fed. R.App. P. 38.

**AFFIRMED.**