**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DAVID H. LUTHER, Individually and
On Behalf of All Others Similarly
Situated,

           *Plaintiff-Appellee,*

        v.

COUNTRYWIDE HOME LOANS
SERVICING LP; COUNTRYWIDE HOME
LOANS, INC.; COUNTRYWIDE
SECURITIES CORPORATION; MORGAN
STANLEY & CO., INC.; UBS
SECURITIES LLC; DEUTSCHE BANK
SECURITIES, INC.; CITIGROUP GLOBAL
MARKETS INC.; LEHMAN BROTHERS,
INC.; GREENWICH CAPITAL MARKETS,
INC.; EDWARD D. JONES & CO.,
L.P.; J.P. MORGAN SECURITIES, INC.;
CREDIT SUISSE FIRST BOSTON;
GOLDMAN SACHS & CO.; BANC OF
AMERICA SECURITIES, LLC;
BARCLAYS CAPITAL INC.; BEAR
STEARNS AND COMPANY, INC.;
STANFORD L. KURLAND; ERIC P.
SIERACKI; DAVID A SPECTOR; N.
JOSHUA ADLER; JENNIFER S.
SANDEFUR; RANJIT KRIPALANI;
CWALT, INC.,

           *Defendants-Appellants.*

No. 08-55865

D.C. No.
2:07-cv-08165-
MRP-MAN

OPINION

Appeal from the United States District Court
for the Central District of California
Mariana R. Pfaelzer, District Judge, Presiding

Argued and Submitted
July 14, 2008—Pasadena, California

Filed July 16, 2008

Before: Barry G. Silverman, Johnnie B. Rawlinson, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Silverman

**COUNSEL**

Dean J. Kitchens, Gibson Dunn & Crutcher LLP, Los Angeles, California; Brian E. Pastuszenski, Goodwin Procter LLP, Boston, Massachusetts, for the defendants-appellants.

Joseph D. Daley, Coughlin Stoia Geller Rudman & Robbins LLP, San Diego, California, for the plaintiff-appellee.

**OPINION**

SILVERMAN, Circuit Judge:

Section 22(a) of the Securities Act of 1933 creates concurrent jurisdiction in state and federal courts over claims arising

under the Act. It also specifically provides that such claims brought in state court are not subject to removal to federal court. We hold today that the Class Action Fairness Act of 2005, which permits in general the removal to federal court of high-dollar class actions involving diverse parties, does not supersede § 22(a)'s *specific* bar against removal of cases arising under the '33 Act.

## I.   Facts

Alleging various violations of the Securities Act of 1933, David H. Luther filed a class action in Los Angeles County Superior Court against Countrywide Home Loans Servicing LP, CWALT, Inc., several of Countrywide's subsidiaries and affiliated individuals, multiple alternative loan trusts, and various underwriters. The action was brought on behalf of all persons and entities who acquired hundreds of billions of dollars worth of mortgage pass-through certificates from CWALT, Inc. between January 2005 and June 2007.

Luther alleges that the defendants violated sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77*l*(a)(2) and 77*o*, by issuing false and misleading registration statements and prospectus supplements for the mortgage pass-through certificates. In particular, Luther alleges that the risk of the investments was much greater than represented by the registration statements and prospectus supplements, which omitted and misstated the credit worthiness of the underlying mortgage borrowers. Luther alleges that the value of the certificates has substantially declined since many of the underlying mortgage loans became uncollectible and he now seeks compensatory damages. The complaint expressly "excludes and disclaims" allegations of fraud or intentional or reckless misconduct.

The Countrywide defendants removed the action to federal court under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, §§ 4(a) & 5(a), 119 Stat. 4, 9-13 (codified at 28

U.S.C. §§ 1332(d) & 1453(b)). Once in federal court, Luther brought a motion to remand the case back to state court under § 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a), which prohibits removal of claims filed in state court and arising under the Act. In opposition to that motion, the Countrywide defendants argued that the § 22(a) removal bar does not prevent removal under CAFA and that none of CAFA's exceptions applies. The district court granted Luther's motion to remand the case to state court, holding that CAFA and § 22(a) cannot mutually coexist and that the specific bar against removal in the Securities Act of 1933 trumps CAFA's general grant of diversity and removal jurisdiction.

Generally, a district court's order remanding a removed case back to state court is not appealable. *See* 28 U.S.C. § 1447(d). However, permission to appeal can be sought and granted in certain class action cases. *See* 28 U.S.C. § 1453(c)(2). We granted the Countrywide defendants' petition to appeal the district court's order remanding the case to state court, and we review de novo. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 n.3 (9th Cir. 2007).

## II.   Discussion

**[1]** The Securities Act of 1933, which imposes liability for omissions and misstatements in various securities-related communications, provides concurrent jurisdiction in state and federal courts over alleged violations of the Act. Pub. L. No. 73-22, ch. 38, § 22(a), 48 Stat. 74, 86-87 (codified at 15 U.S.C. § 77v(a)). However, § 22(a) strictly forbids the removal of cases brought in state court and asserting claims under the Act.[1] Luther's class action falls within § 22(a)'s

---

[1] 15 U.S.C. § 77v(a) provides in relevant part:

> Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

Section 77p(c)'s exception to the removal bar does not apply because it is limited to cases involving "covered securities." The parties agree that the pass-through certificates are not of that type.

removal bar because it was brought in state court and asserts only claims arising under the Securities Act of 1933. However, Countrywide argues that this long-standing bar to removal was superseded in 2005 by CAFA.

The Class Action Fairness Act of 2005 § 4(a), 28 U.S.C. § 1332(d)(2),[2] amended the requirements for diversity jurisdiction by granting district courts original jurisdiction over class actions exceeding $5,000,000 in controversy where at least one plaintiff is diverse from at least one defendant. In other words, complete diversity is not required. CAFA also provided for such class actions to be removable to federal court. *See* 28 U.S.C. § 1453(b). CAFA was enacted, in part, to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." Pub. L. No. 109-2, § 2(b)(2), 119 Stat. 4, 5 (codified as a note to 28 U.S.C. § 1711).

In general, removal statutes are strictly construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved

---

[2]28 U.S.C. § 1332(d)(2) provides:

The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—

(A)   any member of a class of plaintiffs is a citizen of a State different from any defendant;

(B)   any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

(C)   any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

against removability. *Gaus*, 980 F.2d at 566. However, a plaintiff seeking remand has the burden to prove that an express exception to removal exists. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023-24 (9th Cir. 2007).

**[2]** Section 22(a) of the Securities Act of 1933 provides such an express exception to removal: "Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a). CAFA's general grant of the right of removal of high-dollar class actions does not trump § 22(a)'s specific bar to removal of cases arising under the Securities Act of 1933. "It is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum." *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976). Here, the Securities Act of 1933 is the more specific statute; it applies to the narrow subject of securities cases and § 22(a) more precisely applies only to claims arising under the Securities Act of 1933. CAFA, on the other hand, applies to a "generalized spectrum" of class actions. *Id.*

The defendants put much reliance on *Estate of Pew v. Cardarelli*, 527 F.3d 25 (2d Cir. 2008), which held that 28 U.S.C. § 1332(d)(9)(C)'s exception to original diversity jurisdiction under CAFA did not cover an action alleging violations of a state consumer-fraud statute. We do not find the case to be controlling. The *Pew* court did not address the interplay between CAFA and § 22(a). Because the claim proceeded under state law rather than the 1933 Act, § 22(a) did not apply on its terms.

**[3]** In summary, by virtue of § 22(a) of the Securities Act of 1933, Luther's state court class action alleging only violations of the Securities Act of 1933 was not removable. The

motion to remand was properly granted.

**AFFIRMED.**