John **PASSARELLA**, Bruno Petrella, and Joe Truland, individually and on behalf of a class or classes of persons similarly situated, Plaintiffs,

v.

The **GINN COMPANY**, Ginn Real Estate Company, LLC, and Ginn–LA University Club, Ltd., LLLP; L. Wendell Hahn II d/b/a/ Wendell Hahn & Associates; Jeff Laney, Phillip Urso, and The Urso Company, Inc.; Ann Petty and Southern Residential Appraisal Service, Inc.; Pope & Bowens, P.A.; and Richard Terrell Davis and Cameron, Davis & Gonzalez, PA, Defendants.

C/A No. 3:09–417–JFA.

United States District Court,
D. South Carolina,
Columbia Division.

July 2, 2009.

Arthur Camden Lewis, Peter D. Protopapas, Lewis and Babcock, William Dixon Robertson, III, Columbia, SC, Steven Randall Hood, William Jones Andrews, Jr., McGowan Hood and Felder, Rock Hill, SC, for Plaintiffs.

Alice W. W. Parham, Matthew T. Richardson, Wyches Burgess Freeman and Parham, Edward M. Woodward, Jr, Woodward Cothran and Herndon, David A. Anderson, Jocelyn Thraine Newman, Travis Wayne Vance, Richardson Plowden and Robinson, William Wharton Watkins, Sr., William W. Watkins Law Office, John Robert Murphy, Murphy and Grantland, Warren C. Powell, Jr., Wesley Dickinson Peel, Bruner Powell Robbins Wall and Mullins, Cravens Duval Ravenel, Baker Ravenel and Bender, Columbia, SC, John C. Moylan, III, Wyche Burgess Freeman and Parham, Greenville, SC, Catharine B. Wooten, Jeffrey K. Douglass, John P. MacNaughton, Robert P. Alpert, Morris Manning and Martin, Atlanta, GA, Elizabeth Holland Howanitz, Wicker Smith O'Hara McCoy and Ford, Jacksonville, FL, for Defendants.

## ORDER DENYING REMAND

JOSEPH F. ANDERSON, JR., District Judge.

This matter comes before the court on the plaintiffs' motion to remand. Plaintiff's request for remand is based on a provision of the Interstate Land Sales Full Disclosure Act ("ILSA")[1] which prohibits removal of a case arising under Chapter 42 of Title 15 of the United States Code. Defendants oppose the motion for remand arguing that the provision of the Class Action Fairness Act of 2005 ("CAFA")[2] governing the removal of class actions trumps the ILSA's bar to removal. Because the court agrees with the defendants' argument, the plaintiffs' motion is denied.

I.   *Factual/Procedural Background*

Plaintiffs filed this lawsuit seeking money damages and equitable relief as a result

---

1.   Pub.L. No. 90–448, —— Stat. —— (1968).

2.   Pub.L. No. 109–2, 119 Stat. 4 (2005).

of what they allege were various wrongful actions the defendants took in connection with the Cobblestone Park real estate development in the northeast area of Columbia, South Carolina. Plaintiffs brought the complaint in state court, and among the five causes of action asserted in the plaintiffs' complaint are two claims for violations of the ILSA. [dkt. # 1–2, pp. 20–22]. The plaintiffs' brought each claim on behalf of a class or classes of persons similarly situated, *id.* at. pp. 20–24, and plaintiffs' complaint requested that the state court certify the case as an "opt-out" class action pursuant to Rule 23(d) of the South Carolina Rules of Civil Procedure. The defendants removed the case to this court. [dkt. # 1], and plaintiffs have filed a motion to remand the case, [dkt. # 26].

The motion to remand tests the application of two statutes. The first is 15 U.S.C.A. § 1719 (West 1998), a provision falling within the ILSA, which provides in pertinent part that "[n]o case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States...." The second is 28 U.S.C.A. § 1453, a provision added to the United States Code by CAFA, which provides for the removal of class actions where there is minimal diversity and where the amount in controversy exceeds $5,000,000. See also 28 U.S.C.A. § 1332(d)(1) & (2) (West 2006) (providing the definition for a qualifying class action). Plaintiffs argue that the ILSA's bar to removal governs for three reasons. First, they argue that the ILSA is the more specific statute and that in a situation where a specific statute conflicts with a more general statute, the specific statute controls. Second, they argue that CAFA expanded only the original jurisdiction of the federal courts and that it did not affect an action's eligibility for removal. Third, they argue that a recent case from the Seventh Circuit which held to the contrary should not be persuasive. Plain-

tiffs point instead to a Ninth Circuit case which supports their position. The court finds each argument unpersuasive and will address them in turn.

## II. *Law/Analysis*

### *First, It Is Impossible To Answer Which Statute, The ILSA Or CAFA, Is More Specific*

■ There is a general cannon of statutory construction providing that when a court is faced with a conflict between one statute that can be said to deal with a broad area in a general fashion and another statute that deals more specifically with a particular issue, the court will treat the more specific statute as controlling in its realm and the more general as otherwise effective. See *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976). That cannon is not particularly useful here. Where the ILSA contains a categorical bar on the removal of its cases which are brought in state court, CAFA provides for the categorical removal of qualifying class actions save for the few which are excepted in § 1453(d). Though plaintiffs ask the court to view the Seventh Circuit's fairly recent decision in *Katz v. Gerardi*, 552 F.3d 558 (7th Cir.2009) disapprovingly, the court finds an observation from that opinion useful. *Katz* dealt with a bar to removal contained in the Securities Act of 1933, and along the way to resolving whether that bar held sway over CAFA's grant of the right to removal the court observed:

> Is the [Securities Act] more specific because it deals only with securities law, or is [CAFA] more specific because it deals only with nationwide class actions? There is no answer to such a question, which means that the canon favoring the

specific law over the general one won't solve our problem.

*Id.*, at 561–62.

■ The better approach, in this court's view, is to give both the ILSA and CAFA effect in the following way: CAFA is the more recently enacted statute; it provides a right to removal for qualifying class actions; and it spells out three exceptions to its grant of a right to removal. It therefore effects an implied repeal of the ILSA's bar to removal, but only in the limited circumstance that ILSA claims appear in a class action. Although implied repeals are disfavored, there is little guesswork in surmising that Congress intends some substantial revisions when it grants a categorical right to removal and provides for only limited, specific exceptions. In the court's view, this is an example of what the Fourth Circuit has described as "irreconcilable conflict" between statutes. *Patten v. United States*, 116 F.3d 1029, 1034 (4th Cir.1997) (quoting *United States v. Mitchell*, 39 F.3d 465, 472 (4th Cir.1994), and discussing implied repeals).

*Second, Plaintiffs' Argument That CAFA Did Not Effect An Action's Eligibility For Removal Overlooks § 1453*

■ There is not a great deal to say on this argument, except that plaintiffs are completely correct, as a statutory matter, in contending that CAFA expanded the federal courts' original jurisdiction over qualifying class actions. The text of § 1332(d)(2) spells that much out. But § 1453 clearly provides a right of removal for these class actions, which does not appear to be qualified in any way save for the procedural requirements spelled out in that statute, in 28 U.S.C. § 1446, and in the limited exceptions contained in § 1453(d).

■ Plaintiffs' argument that § 1453 should be treated as dealing only with a subset of removable actions as spelled out in § 1441 is rejected. Plaintiffs make the argument in an effort to take advantage of § 1441's "Except as otherwise provided by Act of Congress" qualification on the ability to remove an action. Here is where the specific/general rule of construction might be helpful. Where § 1441 deals with actions removal generally, § 1453 deals with the specific topic of removal of class actions. The statute does not reference § 1441, and lists specific exceptions; a factor weighing against interpreting the statute to incorporate § 1441's general qualification.

*Third, The Court Finds The Seventh Circuit's Opinion More Persuasive Than The Ninth Circuit's*

Where the defendants point the court to *Katz*, which held that CAFA's removal provision trumped the bar to removal in the ILSA, the plaintiffs point the court to the Ninth Circuit's opinion in *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031 (9th Cir.2008), which came down the other way. In *Luther*, the Ninth Circuit began by citing the proposition that removal statutes must be strictly construed against and finished with the proposition that the Securities Act was the more specific statute of the two. *Id.*, at 1034.

This court has already explained why it does not view the general/specific tool of statutory construction as helpful here. As to the proposition that federal courts must strictly construe removal statutes, the court sees little room to construe, either strictly or robustly, a statute like § 1453 which provides a right of removal for class actions subject only to limited exceptions. The plaintiffs are a bit right in that *Katz* is sometimes acerbic in its commentary, the defendants are a bit wrong in suggesting that *Luther* is wholly inapposite, but at the

end of the day, the court finds the reasoning in *Katz* to be persuasive.

### III. *Conclusion*

For the foregoing reasons, the court denies the plaintiffs' motion to remand. A Scheduling Order setting deadlines for the progress of this case towards a resolution will issue shortly.

IT IS SO ORDERED.