**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DUNCAN K. ROBERTSON, | No. 14-35672 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-02017-MJP |
| v. | MEMORANDUM* |
| GMAC MORTGAGE, LLC, et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted December 11, 2015
Seattle, Washington

Before: HAWKINS and TALLMAN, Circuit Judges, and LEFKOW,** Senior
District Judge

Duncan K. Robertson appeals from a final judgment entered pursuant to

Federal Rule of Civil Procedure 54(b), granting judgment in favor of defendants-

---

* This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

** The Honorable Joan Humphrey Lefkow, Senior United States District Judge for the
Northern District of Illinois, sitting by designation.

appellees on some but not all of Robertson's claims.[1] We focus on subject-matter jurisdiction and, finding that it has not been established, remand to the district court for an evidentiary hearing.

Robertson originally filed this action in the King County Superior Court on June 6, 2012, alleging state-law claims arising out of efforts made by defendants-appellees to foreclose on his property pursuant to a deed of trust. On November 15, 2012, J.P. Morgan Chase Bank, N.A. (Chase) removed the case to federal court, asserting that diversity of citizenship conferred subject-matter jurisdiction on the district court under 28 U.S.C. § 1332(a)(1). On November 23, 2012, LSI Title Agency, Inc. (LSI) filed a motion to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6), and on November 30, 2012, Robertson filed a motion to remand the case to state court asserting a series of defects in Chase's notice of removal. On December 21, 2012, LSI filed its own notice of removal, and Robertson filed a second motion to remand.

The district court granted LSI's motion to dismiss on February 6, 2013, and on February 19 and 20, respectively denied Robertson's two motions to remand.

---

[1] The only claims not resolved by the district court are the claims for monetary relief against GMAC Mortgage, LLC, Executive Trustee Services, LLC, Residential Funding Real Estate Holdings, LLC, Residential Funding Company, LLC, Residential Funding Corporation, and Homecomings Financial, LLC (collectively, the GMAC defendants), as those claims were automatically stayed under 11 U.S.C. § 362(a)(1) pending the GMAC defendants' chapter 11 bankruptcy proceeding in the Southern District of New York.

After disposing of a large portion of the case through dismissal and summary judgment over the course of the next year, the district court entered final judgment in favor of Chase, LSI, Bank of New York Mellon Trust Company, N.A. (BNY), and First American Title Insurance Company. Robertson appealed, challenging the denial of his motions to remand as well as the district court's decisions on the merits.[2]

We review a district court's denial of a motion to remand to state court for lack of removal jurisdiction de novo, *see Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), keeping in mind that there is a "strong presumption against removal jurisdiction" and that the removing party has the burden of establishing that removal was proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). The parties do not dispute that Robertson is a citizen of Oregon or that more than $75,000 is in controversy; the issue is whether the citizenship of defendants-appellees, which include corporations, limited liability companies, and national banking associations, was properly alleged.

---

[2] Although Robertson's notice of appeal was premature, a Rule 54(b) certification may validate a prematurely filed appeal if the parties are not prejudiced. *See Freeman v. Hittle*, 747 F.2d 1299, 1302 (9th Cir. 1984). Here, LSI acknowledges that it is not prejudiced, LSI Br. at 1, and no other defendant-appellee raises the issue.

For purposes of diversity, a corporation is a citizen of its state of incorporation and of the state where its principal place of business (i.e., its "nerve center") is located. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A national banking association is a citizen only "of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *see also Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014).

Chase's notice of removal contained a number of defects, including but not limited to its references to "residence" rather than citizenship. Some of these defects were cured by later-filed declarations, which we are entitled to consider, *see Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969) (noting that "it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits"); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (similar), and other omissions were corrected by LSI's notice of removal.[3] Nevertheless, neither the notices of removal nor the

---

[3] Robertson asserts that LSI filed its notice of removal outside of the thirty-day limit of 28 U.S.C. § 1446(b). The assertion is incorrect. LSI accepted service on November 21, 2012 and filed its notice of removal on December 21, 2012. The fact that LSI filed an appearance in state court before November 21 is irrelevant, as the thirty-day period under § 1446(b) begins to

supporting declarations (1) clarify whether the term "principal place of business" as it relates to Chase and BNY is meant to refer to those entities' main offices as set forth in their articles of association; or (2) identify LSI's principal place of business. Indeed, with respect to the latter, the declaration of Gary Finnell (a vice president of LSI), submitted in response to Robertson's first motion to remand, merely provides that LSI's principal place of business "is located in neither Oregon nor Washington." Further, LSI's notice of removal states that LSI is "an Illinois corporation with significant operational presences in Pennsylvania and California." And when questioned at oral argument, LSI's counsel was still unable to identify the precise location of LSI's principal place of business.

Given defendants-appellees' burden to establish complete diversity, LSI must allege its actual citizenship, not vague assurances that it is not a citizen of Washington or Oregon.[4] *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001) ("Since the party asserting diversity jurisdiction bears the burden of proof, Pfizer's failure to specify Plaintiffs' state citizenship was fatal to

---

run when the defendant is properly served with process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). Moreover, Robertson's efforts to serve LSI in October 2012 were ineffective because Washington law permits substitute service by mail under only narrow circumstances, which Robertson does not allege apply here. *See* Wash. Rev. Code §§ 4.28.080, 4.28.100.

[4] This is particularly true given LSI's previous representations to the Washington State Office of the Insurance Commissioner that its principal place of business is located in Bellevue, Washington.

Defendants' assertion of diversity jurisdiction." (internal citation omitted)).

Absent specific allegations, we have no way of knowing whether LSI is a citizen of Oregon (and therefore non-diverse) or a citizen of Washington (and therefore a home-forum defendant). Accordingly, on the record before it, the district court erred in denying Robertson's motions to remand and in granting LSI's motion to dismiss before assuring itself of its own jurisdiction. *See Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (noting that "any doubt" about removal "is resolved against removability" (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008))); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 895 (9th Cir. 2011) ("A federal court cannot assume subject-matter jurisdiction to reach the merits of a case.").

Because removal was improper, we could remand to the district court with instructions to vacate all of its orders and to remand the case to the King County Superior Court. *See* 28 U.S.C. §1447(c). But much of the work in this case has already been completed, and we are prepared to resolve the remaining issues in the event jurisdiction is proper. Thus, we remand to the district court to conduct an evidentiary hearing to determine the location of LSI's principal place of business.[5]

---

[5] The district court should also determine the location of Chase's and BNY's main offices, although the parties seem to agree that Chase's is located in Columbus, Ohio and that BNY's is located in Miami, Florida.

6

*See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004) (remanding for a determination of jurisdiction when the record did not indicate whether removal was proper). If the district court concludes that LSI is not diverse or is a home-forum defendant, the district court should vacate all of its orders and remand to state court.[6] *See id.* If, on the other hand, the district court determines that defendants-appellees have established complete diversity by a preponderance of the evidence, this panel retains jurisdiction over all further proceedings, including review of Robertson's case on the merits. *See id.*

We award costs on appeal to Robertson.

**REMANDED.**

---

[6] If the district court decides to do so, that decision can apply fully to the GMAC defendants without violating the automatic stay provision of 11 U.S.C. § 362(a)(1) because the dismissal would not be on the merits and thus would be consistent with the purposes of the statute. *See Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756 (9th Cir. 1995).