**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN MORENO RUIZ, | No. 20-17492 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-02008-DWL-ESW |
| v. | |
| JUAN N. SILVA MEZA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted June 21, 2021**

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Martin Moreno Ruiz appeals pro se from the district court's judgment

dismissing his action for lack of subject matter jurisdiction.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Carolina Cas. Ins. Co. v. Team*

*Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014).  We affirm.

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Ruiz's action because Ruiz failed to satisfy his burden of establishing subject matter jurisdiction. *See Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997) (the plaintiff has the burden of establishing subject matter jurisdiction); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (the court is obligated to consider sua sponte whether it has subject matter jurisdiction).

**AFFIRMED.**