NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAMRA ARCHER LEIGH, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> JOEL SACKS, Director, in his official capacity as Director of the State of Washington Department of Labor and Industries, Division of Industrial Insurance, <br><br> Defendant-Appellee. | No.  22-35522 <br><br> D.C. No. 3:21-cv-05567-TLF <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Argued and Submitted April 2, 2024
San Francisco, California

Before:  HURWITZ and JOHNSTONE, Circuit Judges, and MORRIS,** Chief District Judge.

Tamra Archer Leigh appeals from the district court's judgment denying her

motion for remand and granting summary judgment to Joel Sacks on her state and

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Brian M. Morris, Chief United States District Judge for the District of Montana, sitting by designation.

federal due process and state workers' compensation law claims. We reverse the district court's remand order, vacate the summary judgment order, and remand with instructions to remand this removed case to state court.

1. Leigh claims that she never consented to the jurisdiction of the magistrate judge. But Leigh failed to return the declination of consent to magistrate judge jurisdiction despite receiving a notice that failure to return the form would be deemed consent. Leigh contends that the opt-out procedure used by the Western District of Washington violates 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. We previously upheld the Western District of Washington's opt-out procedure for magistrate judge jurisdiction.[1] *Washington v. Kijakazi*, 72 F.4th 1029, 1037 (9th Cir. 2023). We therefore have jurisdiction under 28 U.S.C. § 1291.

2. Leigh contends that this removed case should have been remanded to state court under 28 U.S.C. § 1445(c), which provides: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Although we have recognized that § 1445(c) is not jurisdictional, *Vasquez v. N. Cnty. Transit Dist.*, 292 F.3d 1049, 1062 (9th Cir. 2002), it must be strictly construed against removal, *Luther v.*

---

[1] We **DENY** Leigh's petition for initial en banc hearing, **Dkt. 29,** on behalf of the Court.

*Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Actions arise under federal law under 28 U.S.C. § 1331 when "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983)). Applying the same analysis under § 1445(c), we conclude that Leigh's right to relief necessarily depends upon resolution of substantial questions of Washington's workers' compensation laws. Leigh alleges the Department of Labor and Industries failed to properly notify her attorney of its suspension of certain benefits in violation of her federal due process rights and Washington state law regarding the handling of workers' compensation benefits. Leigh's claims thus raise questions as to whether Leigh held any property interest in continued workers' compensation benefits and whether the Department of Labor and Industries properly complied with Washington workers' compensation law. Therefore, the district court erred in its determination that § 1445(c) did not bar removal.

**VACATED AND REMANDED. Costs shall be taxed against appellee.**