**NOT FOR PUBLICATION**

JUN 17 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENE ALBERTO HERRERA-CASTANOLA,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General;<br>JANET A. NAPOLITANO, Secretary of<br>the Department of Homeland Security,<br><br>        Defendants - Appellees. | No. 12-15022<br><br>D.C. No. 3:11-cv-00203-ECR-WGC<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Argued and Submitted May 8, 2013
San Francisco, California

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

Appellant Rene Alberto Herrera-Castanola appeals the district court's

dismissal of his request for declaratory relief on the pleadings. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Herrera-Castanola seeks a declaration of citizenship by naturalization as a remedy for "governmental misconduct [that] prohibited Herrera from acquiring American citizenship." Because of Herrera-Castanola's extensive criminal record, he is currently ineligible for naturalization. *See Castiglia v. INS*, 108 F.3d 1101, 1102–03 (9th Cir. 1997) (noting that good moral character is a requirement for naturalization).

The district court dismissed Herrera-Castanola's complaint in part based on a finding that it lacked authority to grant citizenship by naturalization. It alternatively held that no subject-matter jurisdiction existed over Herrera-Castanola's claims. We review de novo the district court's dismissal of a complaint. *See N. Cnty. Cmty. Alliance, Inc. v. Salazar*, 573 F.3d 738, 741 (9th Cir. 2009). And, if support exists in the record, we can affirm a dismissal "on any proper ground, even if the district court did not reach the issue or relied on different grounds or reasoning." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998).

Because we must address whether the district court "ha[d] jurisdiction before [we] can decide whether a complaint states a claim," *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 895 (9th Cir. 2011), we first consider whether the district court properly concluded that it lacked subject-matter jurisdiction.

We assume without deciding that Herrera-Castanola did not abandon his right to challenge the dismissal of his case for lack of subject-matter jurisdiction on appeal by failing to properly raise the issue in his opening brief. *See Recinto v. Dep't of Veterans Affairs*, 706 F.3d 1171, 1176 n.4 (9th Cir. 2013); *see also* Fed. R. App. P. 28(a)(9)(A); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996). And we review the district court's dismissal for lack of subject-matter jurisdiction de novo. *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 974 (9th Cir. 2012). But we conclude that no statute gave the district court jurisdiction over Herrera-Castanola's claims.

28 U.S.C. § 2201 does not provide jurisdiction because that statute only "enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." *Skelly Oil Co. v. Phillips Petrol. Co.*, 339 U.S. 667, 671 (1950). And although 28 U.S.C. § 1331 gives courts original jurisdiction over civil actions arising under federal law, the provision "does not create causes of action, but only confers jurisdiction to adjudicate those arising from other sources which satisfy its limiting provisions." *Mont.-Dakota Utils. Co. v. Nw. Pub. Serv. Co.*, 341 U.S. 246, 249 (1951).

Herrera-Castanola points to no federal law that gives life to his claims for relief. 8 U.S.C. § 1433 and § 1503(a) do not pertain to the instant case. 8 U.S.C.

3

§ 1252 is not relevant because Herrera-Castanola is not petitioning for review of a final order of removal and such petitions cannot be brought directly in the district court. 28 U.S.C. § 2241(c) does not apply to this action because Herrera-Castanola was not in federal custody when he filed his complaint. And although Herrera-Castanola alleges constitutional violations, he insufficiently pleaded those claims. *See Terenkian v. Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *see also Hall v. N. Am. Van Lines*, *Inc.*, 476 F.3d 683, 687 (9th Cir. 2007).

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009)). And, while courts must take all well-pleaded factual allegations as true, they do not have to accept "bare assertions." *Iqbal*, 556 U.S. at 681. Herrera-Castanola's complaint only states that the "action arises under the 5th, 6th and 14th Amendments to the United States Constitution." Nowhere else does it mention a specific constitutional violation or explain how that alleged violation occurred. The complaint also fails to state any facts that would support a constitutional claim. *See, e.g.*, *Krainski v. Nev. ex rel. Bd. of Regents*, 616 F.3d 963, 970 (9th Cir. 2010) (citing to *Brewster v. Bd. of Ed.*, 149 F.3d 971, 982 (9th Cir. 1998)) (holding that a person asserting a constitutional claim must allege deprivation of a constitutionally protected liberty

4

or property interest and denial of adequate procedural protections to make out a procedural due-process violation); *see also Iqbal*, 556 U.S. at 676 (holding that a claimant must plausibly suggest that a named defendant acted with a discriminatory purpose to treat plaintiff differently than similarly situated persons for a discrimination claim under the Fifth Amendment). Because we hold that Herrera-Castanola did not sufficiently plead a plausible constitutional claim and no other statute provides jurisdiction, we conclude that the district court lacked subject-matter jurisdiction over the entire action.[1]

**AFFIRMED.**

---

[1] Because the district court lacked subject-matter jurisdiction over Herrera-Castanola's claims, we need not decide whether the district court erred in concluding that it lacked authority to award him United States citizenship under *INS v. Pangilinan*, 486 U.S. 875, 883–84 (1988).