FILED

JAN 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZEDDRICK FITZGERALD WHITE, | No. 13-55549 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03479-CAS-PJW |
| v. | |
| DELOITTE & TOUCHE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, AND PAEZ, Circuit Judges.

Zeddrick Fitzgerald White appeals pro se from the district court's judgment

dismissing his action alleging, among other claims, violations of the Fair Credit

Reporting Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an

abuse of discretion a dismissal for failure to prosecute, *Al-Torki v. Kaempen*, 78

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1381, 1384 (9th Cir. 1996), and de novo a district court's subject matter jurisdiction determination, *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). We affirm.

The district court did not abuse its discretion by dismissing White's action against Deloitte & Touche, LLP and Brachfeld & Associates for failure to prosecute in light of White's continued failure to appear at required hearings. *See Al-Torki*, 78 F.3d at 1384-85 (discussing factors to guide the court's decision whether to dismiss for failure to prosecute); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002) (noting dismissal will be disturbed only if there is "a definite and firm conviction that the court below committed a clear error of judgment" (citation and internal quotation marks omitted)).

Because we affirm the district court's dismissal as to Brachfeld for failure to prosecute, we do not consider White's challenge to the clerk not entering default against Brachfeld. *See Al-Torki*, 78 F.3d at 1386 (after dismissal for failure to prosecute, interlocutory orders are not appealable regardless of whether the failure to prosecute was purposeful).

The district court properly dismissed White's state law claims against Gap, Inc. for lack of subject matter jurisdiction because those claims did not share a common nucleus of fact with White's Fair Credit Reporting Act claim, the only

claim over which federal jurisdiction existed. *See* 28 U.S.C. § 1367(a) (establishing "same case or controversy" requirement for supplemental jurisdiction); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." (citation omitted)); *see also Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (noting court's obligation to determine sua sponte whether it has subject matter jurisdiction).

White's contentions of judicial bias are without merit and not supported by the record.

White's motion to strike, filed on January 9, 2014, is denied as unnecessary. White's motion to expedite hearing schedule and for temporary injunction and stay, filed on December 12, 2013, is denied as unnecessary. White's motion regarding oral argument, filed on August 30, 2013, is denied as unnecessary. All pending motions for judicial notice are also denied as unnecessary.

**AFFIRMED.**