**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LI CHING CHU and ROBERT CHING LIANG HUNG, individually and as successors in interest to Cindy Hung, deceased,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>TRIBAL TECHNOLOGIES, Incorporated; et al.,<br><br>        Defendants - Appellees. | No. 13-15482<br><br>D.C. No. 3:12-cv-05306-WHA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted May 15, 2014[**]
San Francisco, California

Before: GRABER, W. FLETCHER, and PAEZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Li Ching Chu and Robert Ching Liang Hung ("Plaintiffs"), as individuals and as successors in interest to their daughter, Cindy Hung ("decedent"), appeal the district court's dismissal of their action against defendants Tribal Technologies, Inc., Tribal Brands, Inc., and several named individuals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court correctly determined that Plaintiffs failed to allege the facts necessary to establish complete diversity as required by 28 U.S.C. § 1332. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182 (1936). The complaint alleges that Plaintiffs are citizens of Taiwan, but is silent on their domicile and legal status in the United States. To establish diversity jurisdiction for Plaintiffs' individual claims, they also must allege that they are not lawfully admitted permanent residents domiciled in the same state as any defendant. 28 U.S.C. § 1332(a)(2). For Plaintiffs' successors-in-interest claims, they are "deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Plaintiffs failed to allege any facts about the decedent's citizenship for diversity purposes. The district court therefore properly concluded that Plaintiffs failed to allege the facts necessary to establish jurisdiction for either the claims they brought as individuals or the claims they brought as successors in interest. *See McNutt*, 298 U.S. at 182.

**2.**     The district court did not abuse its discretion when it dismissed for failure to prosecute after Plaintiffs failed to meet the court's deadline to file a motion for leave to amend their complaint. *See Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir. 1984) (establishing that a district court's dismissal for failure to prosecute is reviewed for abuse of discretion). Failure to comply with a court order is grounds for dismissal under Federal Rule of Civil Procedure 41(b). "The plaintiff has the burden of persuading the court of the reasonableness of his delay and the lack of prejudice to the defendant." *Franklin*, 745 F.2d at 1232. Here, there is nothing in the district court record to indicate that Plaintiffs provided any explanation for their failure to seek leave to amend. They have therefore failed to carry their burden of demonstrating that the court acted unreasonably in dismissing the complaint.

**3.**     We decline to reach the remaining issues on appeal. Having determined that subject matter jurisdiction did not exist, the district court should have dismissed Plaintiffs' complaint without addressing the merits of the defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."); *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 895 (9th Cir. 2011) ("[A] district court must first determine whether it has jurisdiction before it can decide

whether a complaint states a claim.").  Because the district court should have gone

no further than its determination that subject matter jurisdiction did not exist, we

limit our review accordingly.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S.

534, 541 (1986).

**AFFIRMED.**