**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD ALEX STEVENSON, | No. 14-17422 |
| Plaintiff - Appellant, | D.C. No. 3:14-cv-00137-RCJ-WGC |
| v. | |
| COUNTY OF CHURCHILL; ARTHUR E. MALLORY, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted September 21, 2015**

Before:     REINHARDT, LEAVY, and BERZON, Circuit Judges.

Ronald Alex Stevenson, a Nevada state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging a First

Amendment violation.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1124 (9th Cir. 1996) (dismissal for lack of Article III standing). We affirm in part and vacate in part.

The district court properly dismissed Stevenson's action for lack of standing because Stevenson failed to allege facts sufficient to show an injury in fact. *See Lopez v. Candaele*, 630 F.3d 775, 785, 787 (9th Cir. 2010) (setting forth the elements of Article III standing; injury in fact requires plaintiffs to "articulate a concrete plan to violate the law in question by giving details about their future speech such as when, to whom, where, or under what circumstances" (citations, alterations, and internal quotation marks omitted)). Contrary to Stevenson's contention, "when plaintiffs challenge the constitutionality of a restriction on the ground that it may unconstitutionally chill the First Amendment rights of parties not before the court, they must still satisfy the rigid constitutional requirement that plaintiffs must demonstrate an injury in fact to invoke a federal court's jurisdiction" *Id.* at 785 (citation and internal quotation marks omitted).

However, dismissal for lack of Article III standing is a dismissal for lack of subject matter jurisdiction, not for failure to state a claim. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Therefore, we vacate the judgment to

the extent that it found the dismissal of this action constituted a strike under 28 U.S.C. § 1915(g).  *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893-95 (9th Cir. 2011) (a dismissal for lack of subject matter jurisdiction does not constitute a "strike" for purposes of 28 U.S.C. § 1915(g); where a district court determines that it does not have subject matter jurisdiction, "it is not possible for the district court" to have dismissed alternatively for failure to state a claim).

Because we affirm for lack of standing, we do not consider Stevenson's arguments regarding the district court's application of *Heck v. Humphrey*, 512 U.S. 477 (1994).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

All pending requests are denied.

**AFFIRMED in part, VACATED in part.**