NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEMETRIO MEJIA; CHRISTIAN RODRIGUEZ,

Plaintiffs-Appellants,

v.

CHIPOTLE MEXICAN GRILL, INC.; et al.,

Defendants-Appellees.

No. 18-55085

D.C. No.
2:16-cv-07083-R-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted November 8, 2019[**]
Pasadena, California

Before: MURGUIA and HURWITZ, Circuit Judges, and ZOUHARY,[***] District Judge.

Plaintiffs Demetrio Mejia and Christian Rodriguez worked as food preparers

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

for Defendant Chipotle Mexican Grill, Inc ("Chipotle").  Their complaint alleges that Chipotle and its supervisor, Defendant Belinda Cueva, reduced the hours of undocumented, Spanish-speaking employees in order to give those hours to documented, English-speaking employees.  Plaintiffs also allege that Chipotle and Cueva required them to create false time entries reflecting that they took meal and rest breaks.  In June 2014, Plaintiffs refused Cueva's request to train new employees after regular hours.  Plaintiffs allege they were fired as a result.

Plaintiffs sued in California Superior Court, raising six state-law employment claims against Cueva, and ten against Chipotle.  Chipotle removed the case to federal district court.  The district court granted Cueva's motion to set aside entry of default, and dismissed all claims against her.  It also denied Plaintiffs' *ex parte* motion to strike Chipotle's supplemental initial disclosures and accompanying documents, and granted summary judgment to Chipotle on all claims.   We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.     The district court did not abuse its discretion in granting Cueva's motion to set aside entry of default.  Plaintiffs offered no evidence that (1) she engaged in culpable conduct that led to the default, (2) she did not have a meritorious defense, or (3) reopening default would prejudice them.  *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II v. Huntington Rests. Grp., Inc.*, 375 F.3d

2

922, 925–26 (9th Cir. 2004)).

2.     The district court correctly dismissed Plaintiffs' claims against Cueva. First, Plaintiffs' claims under Article 1, Section 8 of the California Constitution and the California Fair Employment and Housing Act ("FEHA") can only be asserted against an employer, not a supervisor.  *See Miklosy v. Regents of Univ. of Cal.*, 188 P.3d 629, 644 (Cal. 2008); *Janken v. GM Hughes Elecs.*, 53 Cal. Rptr. 2d 741, 747–54 (Cal. Ct. App. 1996).  Moreover, there is no independent right to sue under the "unlawful" prong of California's Unfair Competition Law ("UCL"). Because Plaintiffs failed to state underlying discrimination claims under FEHA or the California Constitution against Cueva, their UCL claim also fails as a matter of law. *See Aleksick v. 7-Eleven, Inc.*, 140 Cal. Rptr.3d 796, 801 (Cal. Ct. App. 2012).

Furthermore, none of the allegations against Cueva amount to the "outrageous conduct" of the severity required, under California law, to sustain a claim of intentional infliction of emotional distress ("IIED").  *See Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009).

Finally, Plaintiffs' fraud claims were properly dismissed because they were not pleaded with requisite particularity under Federal Rule of Civil Procedure 9(b). *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("It is true that Rule 9(b) requires particularity when pleading 'fraud or mistake[.]'").

3

Plaintiffs failed to explain how amendment would cure the significant deficiencies in each of their claims against Cueva. Accordingly, the district court did not abuse its discretion in denying them leave to amend their complaint. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655–56 (9th Cir. 2017).

3.      The district court did not abuse its discretion when it refused to exclude Chipotle's supplemental initial disclosures and accompanying documents. Even assuming the untimeliness of these filings, Plaintiffs made no showing of prejudice that resulted from the refusal to exclude these documents. *See* FED. R. CIV. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

4.      Finally, the district court properly granted Chipotle summary judgment. The district court applied the correct legal standard for summary judgment and properly excluded Plaintiffs' "sham" post-deposition declarations. *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 267 (9th Cir. 1991) ("[B]efore applying the *Radobenko* sanction, the district court must make a factual determination that the contradiction was actually a 'sham.'" (citing *Rabobenko v. Automated Equip. Corp.*, 520 F.2d 540 (9th Cir. 1975))). Other challenges raised by the Plaintiffs to the summary-judgment evidence lack merit.

4

Because Plaintiffs failed to provide evidence that Chipotle and Cueva terminated them because of their national origin, summary judgment was proper.

a. Plaintiffs' breach of contract and covenant of good faith and fair dealing claims fail because the district court correctly determined that "Chipotle is an at-will employer." *See* CAL. LAB. CODE. § 2922 (2019) ("An employment, having no specified term, may be terminated at the will of either party on notice to the other."); *see also Foley v. Interactive Data Corp.*, 765 P.2d 373, 376 (Cal. 1988) (finding that an "employee can be fired with or without good cause" when the employment is at will). Plaintiffs presented no evidence to the contrary, nor did hey offer evidence of the "oral contract" alleged in their complaint. Relatedly, Chipotle's policies and procedures did not create a binding contract whereby Chipotle agreed not to treat them arbitrarily. *See Haggard v. Kimberly Quality Care, Inc.*, 46 Cal. Rptr. 2d 16, 24–26 (Cal. Ct. App. 1995).

b. Plaintiffs' claim for wrongful termination in violation of public policy also fails because they did not establish the required "nexus between [their] reporting of alleged statutory violations and [Chipotle's] allegedly adverse treatment." *Turner v. Anheuser-Busch, Inc.*, 876 P.2d 1022, 1034 (Cal. 1994).

c. The district court properly held that Plaintiffs failed to establish a *prima facie* national-origin discrimination claim under FEHA because they offered no evidence that Chipotle or Cueva took actions "from which one can infer, if such

actions remain unexplained, that it is more likely than not that such actions were based on a prohibited discriminatory criterion." *Guz v. Bechtel Nat'l. Inc.*, 8 P.3d 1089, 1113 (Cal. 2000). Similarly, Plaintiffs failed to establish a *prima facie* retaliation claim under FEHA because they never complained to Chipotle or Cueva about national-origin discrimination. *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1147 (Cal. 2005) (holding that to establish a "protected activity," an "employee's communications to the employer [must] sufficiently convey the employee's reasonable concerns that the employer has acted or is acting in an unlawful discriminatory manner."). Plaintiffs also failed to establish a *prima facie* harassment claim under FEHA because there is no evidence in the record that Cueva used racial epithets or that she viewed her national origin as superior to Plaintiffs'. *See Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 817 (9th Cir. 2002) ("[A] plaintiff alleging racial or national origin harassment would present facts showing that he was subjected to racial epithets in the workplace . . . [or] that he and other [workers sharing the same national origin] were subjected to physical and verbal abuse because their supervisor viewed their national origin as superior.").

d. Plaintiffs' discrimination claim under Section 51 of the California Civil Code fails because Section 51 does not apply to employment discrimination. *Alcorn v. Anbro Eng'g, Inc.*, 468 P.2d 216, 220 (Cal. 1970).

e. As noted above, Plaintiffs' UCL claim fails because their underlying

6

discrimination claims also fail. *Gardner v. Fed. Express Corp.*, 114 F. Supp. 3d 889, 905 (N.D. Cal. 2015) ("To state a claim for unlawful or unfair business practices based upon a discrimination claim, a plaintiff is required to establish a viable discrimination claim.")

f. Plaintiffs offered insufficient evidence to support their claim that they were denied proper meal breaks pursuant to Section 512(a) of the California Labor Code. Plaintiffs testified that Cueva knew they were clocking out for "meal breaks" without stopping work, and that they felt pressured to work through their breaks so that they could finish before the end of the day and avoid overtime. But under Section 512, "an employer must relieve the employee of all duty for the designated period, but need not ensure that the employee does no work." *Brinker Rest. Corp. v. Superior Ct*, 273 P.3d 513, 532 (Cal. 2012). Plaintiffs' Section 512 claims fail because there is no evidence that Chipotle or Cueva denied Rodriguez and Mejia their thirty-minute meal breaks, or prevented them from taking their breaks.

g. Finally, Plaintiffs' claims for IIED, intentional misrepresentation, discrimination under Article I, Section 8 of the California Constitution, Section 1198.5 of the California Labor Code, and California Wage Order 2-2001 fail because Plaintiffs provided no evidence to support the allegations in their complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that

7

summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

5.    Plaintiffs argue that complete diversity of citizenship is lacking in this case because both Plaintiffs and Cueva reside in California.  But Plaintiffs pleaded that they are Mexican nationals and undocumented residents of the United States, and thus are citizens or subjects of a foreign state for purposes of diversity.  *See* 28 U.S.C. § 1332(a) (providing that "citizens of a State and citizens or subjects of a foreign state" are diverse unless the foreign citizens are "lawfully admitted for permanent residence in the United States"); *see also Chu v. Tribal Techs., Inc.*, 576 F. App'x 668, 669 (9th Cir. 2014) (allowing for diversity if foreign plaintiffs "allege that they are not lawfully admitted permanent residents").   Therefore, because Plaintiffs were citizens of Mexico, and Defendants were citizens of California and Colorado, there was complete diversity from the outset.

    **AFFIRMED.**