NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH A. SIERRA, | No. 17-16055 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01067-MCE-KJN |
| v. | |
| DIRECTOR FOR THE DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.
Dissent by Chief Judge THOMAS

Former California state prisoner Kenneth A. Sierra appeals pro se from the

district court's order denying his motion to proceed in forma pauperis ("IFP") in

his 42 U.S.C. § 1983 action alleging various constitutional claims. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007).  We reverse and remand.

The district court denied Sierra's application to proceed IFP on the basis that Sierra has three prior strikes and has not alleged imminent danger of serious physical harm.  *See* 28 U.S.C. § 1915(g).  However, Sierra sufficiently alleged that he was under imminent danger of serious physical harm because prison officials have failed to treat his serious lower back pain for many years and denied him use of a wheelchair in his cell.  These allegations are sufficient to satisfy the "imminent danger" exception.  *See Andrews*, 493 F.3d at 1055-57 (an exception to the three-strikes rule exists where "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing[;]" "a prisoner who alleges that prison officials continue with a practice that has injured him . . . in the past will satisfy the 'ongoing danger' standard").

While this appeal was pending, Sierra was released from prison.  Because Sierra is no longer a "prisoner" for purposes of § 1915(g) and the three-strikes rule no longer applies to him, the district court on remand "should reconsider anew any IFP application."  *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 893 fn.3 (9th Cir. 2007).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendants' request for judicial notice (Docket Entry No. 46) is granted.

Sierra's motion requesting transfer and transport (Docket Entry No. 56) is denied.

**REVERSED and REMANDED.**

Sierra v. Dir. for the Dep't of Corr. and Rehab., et al., No. 17-16055
THOMAS, Chief Judge, dissenting:

Chief Judge Thomas respectfully dissents and would affirm the judgment of the district court.