**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KESRI SEKHON and MARIE LIDELL, | No. 11-57131 |
| Plaintiffs - Appellants, | D.C. No. CV-11-00188-GHK |
| v. | |
| BAC HOME LOANS SERVICING LP, a Texas limited partnership; UNITED GUARANTY INSURANCE CORPORATION, a North Carolina corporation; BNY MELLON INVESTMENT SERVICING (US) INC., DBA The Bank of New York Mellon, as Trustee for the Certificate Holders CWMBS Inc CHL Mortgage Pass-Through Trust 2005-HYB6 Mortgage Pass-through Certificates Series 2005-HYB6, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted February 15, 2013[**]
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and RAKOFF, Senior District Judge.[***]

Kesri Sekhon and Marie Lidell ("Appellants") appeal the district court's order denying their motion to remand to California state court their Complaint against defendants-appellees BAC Home Loans Servicing, LP, United Guaranty Insurance Co. of North Carolina, and the Bank of New York Mellon (together, "Appellees"), and granting Appellees' motions to dismiss the Complaint under Central District of California Local Rule 7-12. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's determination of subject matter jurisdiction de novo. *Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002). We review the "district court's dismissal pursuant to its local rules for abuse of discretion." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." *Id.* We affirm the district court.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

In this case, Appellants filed suit in California state court seeking a declaratory judgment cancelling $400,000 and $105,000 promissory notes and deeds of trust, voiding any transfers of the instruments, and enjoining Appellees from further transfers, along with an unspecified amount of general and special damages. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). While Appellants argue that the promissory notes have no value as a matter of law, the enforceability of the notes goes to the merits and is itself "the object of the litigation." That object is properly measured by the $505,000 face value of the notes that Appellees stand to lose should Appellants' interpretation of events prove correct. That the amount of value is claimed by the defendants below, rather than the plaintiffs, is irrelevant for the purposes of determining the amount in controversy. *See Ridder Bros., Inc. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944) ("The value of the 'thing sought to be accomplished by the action' may relate to either or any party to the action."). Because the $505,000 amount in controversy here exceeds the $75,000 federal diversity jurisdictional minimum, *see* 28 U.S.C. § 1332(a), the district court correctly found that it has jurisdiction to hear the case.

3

We further find no abuse of discretion in the district court's decision to dismiss Appellants' complaint pursuant to Local Rule 7-12. "Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53-54. Here, where Appellants twice failed to substantively respond to Appellees' motions to dismiss despite the district court's order to do so and its warning that such failure would result in dismissal – and where Appellants fail to identify on appeal any error in dismissing the case beyond their incorrect contention that the district court lacked jurisdiction – we find that the district court's dismissal with prejudice satisfied this multi-factor test.

**AFFIRMED.**

4