Julie M. VAWTER, Plaintiff,

v.

BANK OF AMERICA NA,
et al., Defendants.

No. CV–15–00535–PHX–GMS.

United States District Court,
D. Arizona.

Signed June 5, 2015.

720

Julie M. Vawter, Queen Creek, AZ, pro se.

Eric Michael Moores, Robert W. Shely, Bryan Cave LLP, Colt B. Dodrill, Wolfe & Wyman LLP, Phoenix, AZ, Richard Joseph Reynolds, Burke Williams & Sorensen LLP, Santa Ana, CA, for Defendants.

## AMENDED ORDER

G. MURRAY SNOW, District Judge.

Before the Court is Plaintiff's Motion to Remand (Doc. 17) and the Motion to Dismiss filed by MTC Financial, Inc. ("Trustee Corps") (Doc. 6.) For the following reasons, the Court denies Plaintiff's Motion to Remand and grants the Motion to Dismiss.

## BACKGROUND

In 2006, Plaintiff, Julie M. Vawter, took out a loan from Countrywide Home Loans, Inc. The loan was evidenced by a promissory note and secured by a Deed of Trust, and gave Countrywide a security interest in the real property owned by Plaintiff on East Happy Road in Queen Creek, Arizona. Subsequently, a variety of assignments of the Deed of Trust and Substitutions of Trustee were recorded. On November 19, 2014, Trustee Corps, the current Trustee under the Deed of Trust, instituted non-judicial foreclosure proceedings on the Happy Road residence.

Plaintiff filed the instant action in Maricopa County Superior Court in February

2015 alleging a variety of state law claims arising out of the financing and securitization of her loan. (Doc. 1, Ex. 1.) Trustee Corps joined the other Defendants in removing the case to this Court, (Docs. 1, 8), and now moves to dismiss the Complaint on the basis that the claims Plaintiff is seeking to litigate are precluded by an earlier judgment in the related action, *Vawter v. ReconTrust Company, N.A.*, No. 11–CV–1916–GMS (D.Ariz. May 16, 2012), affirmed on appeal in April 2014. (Doc. 6.) In the alternative, Trustee Corps argues that the Complaint fails to state any legally cognizable claims against it that would entitle Plaintiff to relief. (*Id.*) Plaintiff has also filed a Motion to Remand the case to Maricopa County Superior Court, (Doc. 17), which the Court will address prior to ruling on Trustee Corps's Motion to Dismiss.

## DISCUSSION

### I. Motion to Remand

 The removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[ ] may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." The grounds for removal must be evident from the four corners of the complaint filed in state court. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir.2005). The removing party bears the burden of establishing federal subject matter jurisdiction, and there is a strong presumption against removal jurisdiction. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir.2008). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c).

 The district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." *Id.* § 1332(a)(1). If a complaint filed in state court does not, on its face, allege damages sufficient to meet the federal jurisdictional minimum, the removing defendant bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id.* § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996). Under this burden, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez*, 102 F.3d at 404. Where a plaintiff seeks declaratory and injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir.2002).

The Parties do not dispute that diversity of citizenship exists. (*See* Doc. 17 at 5.) Accordingly, federal jurisdiction in this case turns on whether Plaintiff's claims satisfy the amount in controversy requirement of § 1332(a). The Complaint in this case does not demand a dollar amount and Plaintiff seeks injunctive relief preventing Defendants from foreclosing on her property. (Doc. 1, Ex. A.) Accordingly, Plaintiffs' home is the object of litigation in this case. *See Cohn*, 281 F.3d at 840. Courts who have addressed the issue in the anti-foreclosure-action context have concluded that the amount of the loan, or at a minimum the market value of the property minus the Plaintiff's equity, is the amount to be considered when a Plaintiff seeks injunctive relief. *See Sekhon v. BAC Home Loans Servicing LP*, 519 Fed.Appx. 971, 972 (9th Cir.2013) ("That object is properly measured by the $505,000 face value of the notes that Appellees stand to

lose should Appellants' interpretation of events prove correct."); *Hope v. U.S. Bank N.A.*, No. CV 12–00297–PHX–FJM, 2012 WL 1292464, at *1 (D.Ariz. Apr. 16, 2012); *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F.Supp.2d 1022, 1028 (N.D.Cal. 2010) (collecting cases).

█ Here, the original principal balance on Plaintiff's loan was $164,500, while the unpaid principal currently totals $178,204.67. (Doc. 25, Ex. A, at 6.) To the extent that Defendants' recovery of this balance is limited to the current market value of the property, the Maricopa County Assessor's Office has assessed the property's value for 2015 at $121,300, and at $143,800 for 2016. (*Id.*, Ex. B.) Given the amount of the loan in question, as well as Plaintiffs' claims for punitive damages, Defendants have sufficiently demonstrated that the amount in controversy in this action exceeds the statutory minimum. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332, and Plaintiff's Motion to Remand is denied.

## II. Motion to Dismiss

█ Claim preclusion, also known as res judicata, bars all claims "which could have been asserted, whether they were or not, in a prior suit between the same parties (or their privies) on the same cause of action, if the prior suit concluded in a final judgment on the merits." *Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir.1980). For a claim to be precluded under this doctrine, the moving party must show that (1) the initial and subsequent suits involve the same claims or causes of action, (2) both suits involve the same parties or their privies, and (3) the initial suit resulted in a final judgment on the merits. *Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir.2009); *Mpoyo v. Litton Electro–Optical Sys.*, 430 F.3d 985, 987 (9th Cir.2005). Preclusion is normally an affirmative de-

fense, and dismissal on the grounds that a plaintiff is estopped from litigating its claims as a matter of law is appropriate only when the preclusive effect is clear from either the face of the Complaint or matters of which the Court may take judicial notice. *See* Fed.R.Civ.P. 12(b), (d); *cf. Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001) (explaining that, when deciding a motion brought pursuant to Rule 12, a court may not rely on materials outside of the pleadings or take judicial notice of disputed factual matters).

█ Here, there is an identity of claims between the instant case and the prior action of *Vawter v. Recontrust Company, N.A.* The court examines four factors to determine whether there the same claim is being asserted:

(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir.2010). "Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* (citations, quotation marks, and emphasis omitted).

█ In her first action, Plaintiff sought to obtain declaratory and injunctive relief based on the purported invalidity of recorded assignments of the Deed of Trust. (*See* Doc. 7, Ex. 8.) Her claims were all aimed at establishing that Bank of New York Mellon, the beneficiary under the Deed of Trust, and Recontrust Company, the entity that preceded Trustee Corps as

trustee, lacked the authority to conduct a trustee's sale of her property. (*See id.*) Plaintiff also pleaded claims for fraud/misrepresentation and negligence that were premised on the invalidity of statements that the defendants had made regarding their rights under the mortgage documents. (*see id.*) In the same vein, although the stated causes of action differ, the gravamen of Plaintiff's Complaint in this case is that Defendants violated various state statutes as well as the terms of the Deed of Trust and pooling and servicing agreements in the course of re-assigning their interests under the Deed of Trust and subsequently foreclosing on the property. (Doc. 1, Ex. 1.) The adversary claims involve alleged infringements of the same property and contract rights pertaining to Plaintiff's loan, and the same evidence is presented in both actions—as is apparent from the exhibits submitted by the defendants in the prior action and the exhibits submitted in the pending action, which are the same. The rights established in favor of the defendants in the first action would be destroyed if Plaintiff was to prevail at this juncture based on the allegations of the present suit, which also imply the invalidity of actions taken by the bank and the successive trustees. Because the two cases arise out of the same transactional nucleus of facts, the two actions involve the same claims.

There is also identity or privity of parties. Generally stated, " '[p]rivity' . . . is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052–53 (9th Cir.2005). Privity arises from "legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest" as well as "circumstances in which '[a] person who is not a party to an action . . .

is represented by a party,' including trustees and beneficiaries, other fiduciary relationships and consensual or legal representational relationships." *Id.* (quoting Restatement (Second) of Judgments § 41(1)). Ms. Vawter is the Plaintiff in both cases. The defendants who obtained a judgment against Ms. Vawter in the first case were the named trustee and beneficiary under the Deed of Trust at the time and the current defendant—Trustee Corp—is the current trustee of the loan and, therefore, a successor and an agent, respectively, of the prior defendants. The weight of authority in the federal courts holds that a trustee and beneficiary under the note are in privity for purposes of claim preclusion because their interests with respect to the relevant loan and the collection of payments thereunder are identical. As the First Circuit has noted, "it would be a rare case in which those . . . parties are not perfectly identical with respect to successive suits arising out of a single mortgage transaction." *R.G. Fin. Corp. v. Vergara–Nunez*, 446 F.3d 178, 187 (1st Cir.2006). A sufficiently significant legal relationship is present between Recontrust Co., Bank of New York Mellon, and Trustee Corps to warrant the invocation of protection under the principles of preclusion.

The final element of claim preclusion is also met. A dismissal with prejudice entered pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a "judgment on the merits" to which the doctrine of claim preclusion applies. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir.2002). The final order in the first *Vawter* action granted Defendants' motion to dismiss with prejudice. Accordingly, the third factor also supports dismissal on claim preclusion grounds.

"Trustee Corps is also entitled to dismissal of this action pursuant to Arizona Revised Statutes section 33–807(E), which provides that a trustee in the mortgage context may not be joined as a party in any action other than one pertaining to a breach of the trustee's obligations under [statute] or under the deed of trust." Ariz.Rev.Stat. § 33–807(E); *see Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir.2011) (upholding dismissal of Tiffany & Bosco from a case where the plaintiff's only claim was the trustee's purported failure to challenge its own appointment by MERS as invalid). In Arizona, a trustee under a mortgage trust deed for which real estate is offered as security "does not have the legal powers or obligations of a trustee under traditional trust law, but rather serves as a type of common agent for both parties." *Contreras v. U.S. Bank as Tr. for CSMC Mortgage Backed Pass-through Certificates, Series 2006–5*, No. CV09–0137–PHX–NVW, 2009 WL 4827016, at *5 n. 2 (D.Ariz. Dec. 15, 2009) (citing *In re Bisbee*, 157 Ariz. 31, 34, 754 P.2d 1135, 1138 (Ariz. 1988)); *see also* Ariz.Rev.Stat. § 33–801(10) ("The trustee's obligations to the trustor, beneficiary and other persons are specified in this chapter, together with any other obligations specified in the trust deed."). The fiduciary duty owed by the trustee to the borrower is limited to the foreclosure context, and only obligates the trustee to conduct a trustee's sale in accordance with the terms of the governing state statutes. *Hogan v. Washington Mut. Bank, N.A.*, 230 Ariz. 584, 587, 277 P.3d 781, 784 (2012). A trustee's primary duty arises upon default, which is to mail notice of default to the debtor. Ariz.Rev. Stat. 33–809(C); *Snyder v. HSBC Bank, USA, N.A.*, 873 F.Supp.2d 1139, 1153 (D.Ariz.2012); *Transamerica Fin. Servs., Inc. v. Lafferty*, 175 Ariz. 310, 313–14, 856 P.2d 1188, 1191–92 (Ct.App.1993). Prior to foreclosure, Arizona law affords absolute protection to the foreclosure trustee who "rel[ies] upon any written direction or information furnished to him by the beneficiary." *Cervantes*, 656 F.3d at 1045.

In this case, Plaintiff has not pleaded that Trustee Corps failed to comply with its obligations under Arizona's non-judicial foreclosure statutes or in the DOT, and Trustee Corps was under no obligation to independently verify the accuracy of the mortgage documents provided to it or the validity of its appointment as Trustee. *See Cervantes*, 656 F.3d at 1045. Consequently, no civil liability can attach, and any claim Plaintiff may have pleaded against Trustee Corps is additionally barred by section 33–807(E).

## CONCLUSION

For the foregoing reasons, Plaintiffs' claims against Trustee Corps are precluded by the doctrine of res judicata and section 33–807(E). Where an action is dismissed on the basis of claim preclusion, any amendment is necessarily futile since curing this deficiency is, by definition, not possible. Accordingly, because the Court dismisses Plaintiff's complaint on preclusion grounds, the dismissal is with prejudice.

Section 33–807(E) provides that a trustee who is improperly joined as a party in an action is entitled to "recover costs and reasonable attorney fees from the person joining the trustee." Ariz.Rev.Stat. § 33–807(E). Therefore, Trustee Corps may file a motion for attorney fees and costs in accordance with L.R. Civ. 54.2. *See Cervantes v. Countrywide Home Loans, Inc.*, 2009 WL 3157160, at *13 (D.Ariz. Sept. 24, 2009), *aff'd by Cervantes*, 656 F.3d 1034.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand is denied (Doc. 17).

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is **GRANTED.** Defendant MTC Financial, Inc. is dismissed from this action.

**IT IS FURTHER ORDERED** directing the Clerk of Court to reopen this action. The remaining Defendants shall file an answer to the Complaint on or before **June 15, 2015** pursuant to the Court's Order (Doc. 24).