NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MICHAEL BROSNAHAN and MARY BROSNAHAN, a married couple,
*Plaintiffs/Appellants*,

*v.*

CALIBER HOME LOANS, INC., LSF9 MASTER PARTICIPATION
TRUST; THE MORTGAGE LAW FIRM, P.C., CHRISTINA HARPER,
an individual resident of ARIZONA,
*Defendants/Appellees*.

No. 1 CA-CV 22-0603
FILED 7-25-2023

---

Appeal from the Superior Court in Coconino County
No. S0300CV202000447
The Honorable Stacy Lynn Krueger, Judge

**AFFIRMED**

---

COUNSEL

Law Offices of Kyle A. Kinney, PLLC, Scottsdale
By Kyle A. Kinney
*Counsel for Plaintiffs/Appellants*

Perkins Coie LLP, Phoenix
By P. Derek Peterson, Kathryn E. Boughton
*Counsel for Defendants/Appellees*
*Caliber Homes, Inc. and LSF9 Master Participation Trust*

The Mortgage Law Firm, PC, Phoenix
By Christina Harper, Alex Schulz
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Andrew M. Jacobs and Judge Angela K. Paton joined.

---

**B R O W N**, Judge:

¶1        Michael and Mary Brosnahan ("Brosnahan") appeal several rulings the superior court made concerning the validity and enforceability of a promissory note and deed of trust.  Because the court did not err, we affirm.

## BACKGROUND

¶2        In 2006, Brosnahan signed a promissory note secured by a deed of trust on a home located in Coconino County.  Caliber Home Loans, Inc., currently services the loan, LSF9 Master Participation Trust is the current beneficiary, and Christina Harper of The Mortgage Law Firm, P.C., is the trustee (collectively referred to as "Caliber").  The note requires the debt to be paid in full no later than June 1, 2036.  Brosnahan has made no payments since January 2009.

¶3        In May 2009, the first notice of trustee's sale ("First NOTS") was recorded, scheduling the sale for August 6, 2009, and stating in part:

> Said sale will be made for cash (payable at time of sale), but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to pay the remaining principal sum of the note secured by said Deed of Trust, which includes interest thereon as provided in said note, advances, if any, fees, charges and expenses of the Trustee and of the trust created by said Deed of Trust. The original sum of the note is $373,500.00. Trustee will accept only cash or cashier's check for reinstatement or price bid payment. Reinstatement payment must be paid before five o'clock P.M.

on the last day other than a Saturday or legal holiday before the date of the sale. The Purchaser at the sale, other than the beneficiary to the extent of his credit bid, shall pay the price no later than five o'clock P.M. of the following day, other than a Saturday or legal holiday.

**¶4**　　　　In March 2010, Brosnahan sued to enjoin the trustee's sale and contest Caliber's right to foreclose on the property. After Caliber removed the action to federal district court, it was dismissed for failure to state a claim.

**¶5**　　　　In November 2015, a second notice of trustee's sale ("Second NOTS") was recorded. In August 2016, a third notice of trustee's sale ("Third NOTS") was recorded but later canceled in November 2016 in conjunction with the recording of a fourth notice of trustee's sale ("Fourth NOTS").

**¶6**　　　　Brosnahan then filed a lawsuit in federal court ("2016 lawsuit") seeking to enjoin the sale noticed by the Fourth NOTS and alleging violations of the Fair Debt Collections Practices Act ("FDCPA"). Brosnahan later added claims for violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). Caliber moved to dismiss the complaint and the court granted the motion but allowed Brosnahan to further amend their claims. In the second amended complaint, Brosnahan again alleged violations of the FDCPA, TILA, and RESPA. The court dismissed all claims with prejudice. Brosnahan appealed to the Ninth Circuit Court of Appeals, which affirmed the dismissal.

**¶7**　　　　A few months later, the trustee recorded a corrective cancellation, purporting to correct the previously recorded cancellation of the Third NOTS. The trustee recorded two other documents as well, cancelling the First NOTS and Second NOTS. Then in March 2020, a fifth notice of trustee's sale ("Fifth NOTS") was recorded, scheduling a sale for July 10, 2020, but nothing in the record indicates the sale was conducted.

**¶8**　　　　In September, Brosnahan filed the instant lawsuit, contesting the validity of the note and Caliber's authority to foreclose on the deed of trust. Brosnahan alleged claims for declaratory relief and quiet title, claiming the note and deed of trust were now void because more than six years had passed since acceleration of the debt. *See* A.R.S. § 33-816 (foreclosure action limited by contract time limitations); A.R.S. § 12-548 (six-year limitation for contract in writing for debt). Brosnahan also alleged

Caliber recorded "groundless, false, or otherwise invalid" documents against the property in violation of A.R.S. § 33-420(A)–(C). Caliber removed the case to federal court in October 2020, and in January 2021 it was remanded to the superior court for lack of diversity jurisdiction.

¶9 Brosnahan filed an amended complaint, repeating the prior allegations and adding a claim seeking declaratory relief that the deed of trust is subject to A.R.S. § 33-714(A)(1), which provides that the lien on a deed of trust expires ten years after "the final maturity date or the last date fixed for payment", whichever is later. Caliber moved to dismiss the complaint, asserting that claim preclusion (res judicata) bars Brosnahan's claims because (1) they were, or could have been, included in the 2016 lawsuit; (2) the statute of limitations has not run because the debt was not accelerated by the First NOTS; and (3) the note and deed of trust are still valid.

¶10 The superior court held that Brosnahan's statute of limitations' claim was barred by claim preclusion because it could have been litigated in the 2016 lawsuit. The court found that the cases involved the same claim or cause of action because both were filed in response to a notice of trustee's sale, and both challenged "the defendant's ability to foreclose against this exact same property." The court denied the motion to dismiss as to the other claims because it found that Brosnahan pled sufficient facts to allow both the § 33-714 and § 33-420 claims to move forward.

¶11 Caliber filed an answer and counterclaim, claiming that Brosnahan made false representations in the loan application and documents. Shortly thereafter, Caliber voluntarily dismissed the counterclaim. Both parties eventually moved for summary judgment on the remaining claims. After oral argument, the court granted Caliber's motion and dismissed Brosnahan's remaining claims.

¶12 In its ruling, the court reasoned that the legislature did not intend that § 33-714 would accelerate the maturity date of a loan, and the maturity date in this case was ascertainable from the county records as June 1, 2036. The court therefore found "the lien has not expired under A.R.S. § 33-714 and is valid as a matter of law." The court also determined that "based on the recorded document, itself, there is no express clear language to indicate that the debt was accelerated." Given its rejection of the other claims, the court found no violation of § 33-420. The court awarded attorneys' fees to Caliber and denied Brosnahan's fee request on Caliber's

counterclaim. After the court entered a final judgment Brosnahan timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶13** Brosnahan challenges the superior court's rulings dismissing the claims for quiet title and declaratory relief (statute of limitations), as well as the court's grant of summary judgment to Caliber on the expiration of the deed of trust claim (§ 33-714) and the false recording claim (§ 33-420).

**¶14** We review a motion to dismiss de novo and assume the truth of all well-pleaded factual allegations. *Coleman v. City of Mesa*, 230 Ariz. 352, 355–56, ¶¶ 7–9 (2012). We also review a grant of summary judgment de novo. *Glazer v. State*, 237 Ariz. 160, 167, ¶ 29 (2015). We review issues of statutory interpretation, as well as contract interpretation, de novo. *Ariz. Elec. Power Coop., Inc. v. State ex rel. Dep't of Revenue*, 243 Ariz. 264, 266, ¶ 8 (App. 2017); *Tenet Healthsystem TGH, Inc. v. Silver*, 203 Ariz. 217, 219, ¶ 5 (App. 2002). In interpreting statutes, "[w]e start with the statute's plain language and give its words their ordinary meaning" and read the statute's words in context. *Cao v. PFP Dorsey Invs., LLC*, 253 Ariz. 552, 558, ¶ 26 (App. 2022). "If the statute is subject to only one reasonable interpretation, we apply it without further analysis." *Glazer*, 237 Ariz. at 163, ¶ 12.

**¶15** Brosnahan's amended complaint, alleging claims for quiet title and declaratory relief, relies on two legal theories. First, the six-year statute of limitations was triggered in 2009 and Caliber is now barred from collecting on the note. Second, the deed of trust "is subject to a ten-year statute of repose, under A.R.S. § 33-714," and because more than ten years have elapsed Caliber is barred from foreclosing. Brosnahan also alleged, based on these theories, that Caliber did not have authority to record documents against the property in 2020. As a threshold inquiry, each of these claims is contingent upon our acceptance of Brosnahan's main argument in this appeal—that the debt was accelerated when the First NOTS was recorded in 2009.

### A. Acceleration

**¶16** The six-year period for commencing an action to collect a debt "commences on the due date of each matured but unpaid installment and, as to unmatured future installments, the period commences on the date the creditor exercises the optional acceleration clause." *Navy Fed. Credit Union v. Jones*, 187 Ariz. 493, 494 (App. 1996). A debt is accelerated when a lender calls due the full amount owed under the terms of the promissory note. *See id.* at 495. If acceleration under the terms of the note is *optional*, a lender

"must undertake some *affirmative act* to make clear to the debtor it has accelerated the obligation." *Bridges v. Nationstar*, 253 Ariz. 532, 536, ¶ 20 (2022) (citation and quotations omitted). As our supreme court held in *Bridges*, "recording a notice of trustee's sale, by itself, is not an affirmative act that accelerates the debt." *Id.* at 536, ¶ 24.

**¶17** To determine whether the debt at issue here was accelerated, we turn first to the language of the note. *See Bridges*, 253 Ariz. at 534, ¶¶ 10–11 ("We must enforce the provisions of the promissory note, and the parties are bound by their agreement."). Brosnahan argues the debt was accelerated in the First NOTS, pointing to the phrase "remaining principal sum" as evidence the debt was accelerated. *See supra* ¶ 3. Brosnahan also argues the reinstatement language in the First NOTS fulfills the requirement that the lender notify the borrower of the right to reinstatement. *See Bridges*, 253 Ariz. at 534, ¶ 12; *see also* A.R.S. § 33-813(A) (addressing performance of a contract secured by a deed of trust).

**¶18** Here, as in *Bridges*, acceleration of the debt was an option the lender could exercise. 253 Ariz. at 534, ¶ 12. The note states that if the lender "exercises the option to require immediate payment in full," the lender must give the borrower "notice of acceleration." The deed of trust requires the lender to give a notice to the borrower *before* acceleration that includes the following: (a) nature of the default, (b) the action required to cure it, (c) the date by which the default must be cured, and (d) an advisement that failure to cure may result in acceleration.

**¶19** Nothing in the record shows that Caliber sent any notice of acceleration as required by the terms of both the note and the deed of trust. Brosnahan argues the First NOTS fulfils this requirement because it includes language about reinstatement. But the deed of trust only says that a notice of reinstatement "may" result in acceleration and the note specifically requires that the lender give "notice of acceleration." The First NOTS, which does not mention acceleration, cannot reasonably be construed as providing a clear notice of acceleration. Therefore, although the First NOTS included information about reinstatement, it does not qualify as a notice of acceleration in compliance with the terms of the note and deed of trust. *See Bridges*, 253 Ariz. at 534, ¶ 13 (noting that neither the default notice nor the trustee's sale notice included language alerting the borrower that the lender was accelerating the debt).

**¶20** "[W]hen a trustee's sale is merely noticed under § 33-813(A), the entire debt is not accelerated because under the plain language of the statute a debtor can cure the default and reinstate the contract by paying

only the 'amount then due' before the trustee's sale is held." *Bridges*, 253 Ariz. at 535, ¶ 15. Section 33-813(A) allows a borrower to cure a default and reinstate the note by paying "the entire amount then due under the terms of the contract or contracts or trust deed, *other than the portion of the principal as would not then be due had no default occurred*." (Emphasis added.) The only reasonable interpretation of this statute is that the borrower does not need to pay the unmatured portion of the principal of the note before a trustee's sale. *See Glazer*, 237 Ariz. at 163, ¶ 12. Because this provision grants the borrower this right of reinstatement, a notice of trustee's sale alone is not sufficient to accelerate the debt. *See Bridges*, 253 Ariz. at 535, ¶ 17 ("[A] plain reading of § 33-813(A) supports the conclusion that the recording of a notice of trustee's sale does not accelerate a debt.").

**¶21** Given that nothing in the record before us indicates that Brosnahan's debt was accelerated, the statute of limitations did not begin to run in 2009 and thus Caliber's enforcement rights under the note and deed of trust have not been extinguished. And without acceleration of the debt, Brosnahan's arguments about the "statute of repose" (§ 33-714) also fail because ten years have not passed since the last fixed date for payment. Also, because Caliber's ability to enforce the terms of the note and deed of trust remain intact, Brosnahan's claim that Caliber violated § 33-420 by recording documents in 2020 necessarily fails.

### B. Claim Preclusion

**¶22** Even assuming the debt was accelerated by the First NOTS in 2009, Brosnahan's claims for quiet title and declaratory relief are precluded based on the 2016 lawsuit. Claim preclusion is a question of law that we review de novo. *Pettit v. Pettit*, 218 Ariz. 529, 531, ¶ 4 (App. 2008). Because the 2016 lawsuit was in federal court, we look to federal law on whether claim preclusion applies to this action. *See Hancock v. O'Neil*, 253 Ariz. 509, 512, ¶ 11 (2022) ("The law of the jurisdiction of the court from which the underlying initial judgment issues determines whether that judgment has preclusive effect.").

**¶23** Brosnahan argues the superior court improperly applied claim preclusion to the statute of limitations argument because it is not a "claim" but an "affirmative defense" to Caliber's "claim" of foreclosure and thus not subject to claim preclusion. And even if the statute of limitations is a claim, Brosnahan contends the proper analysis should be offensive non-mutual collateral estoppel because the issue must have been actually litigated in the prior lawsuit to trigger issue preclusion. But the *claims* at issue here are for quiet title and declaratory relief, while the *legal theories*

supporting those claims are whether the statute of limitations has run and whether the deed of trust has expired.

**¶24** Federal courts have applied claim preclusion to successive suits involving the same loan and property, where the borrower claims quiet title and declaratory relief based on allegations of statutory violations in response to foreclosure proceedings. *See, e.g.*, *Vawter v. Bank of Am. NA*, 108 F.Supp.3d 719, 723–24 (D. Ariz. 2015); *Kirberg v. Quality Loan Serv. Corp.*, No. CV-14-02345-PHX-GMS, 2015 WL 13021464, at \*2 (D. Ariz. May 6, 2015). Similarly, the question we address here is whether Brosnahan's claims for quiet title and declaratory relief are barred by claim preclusion.

**¶25** For claim preclusion to apply there must be (1) an identity of claims; (2) an identity of parties or their privies; and (3) a final judgment on the merits. *See Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 452, 457 (9th Cir. 1980). The second and third elements are met here. The 2016 lawsuit resulted in a dismissal with prejudice, which is a final judgment on the merits, *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 962 (9th Cir. 2006), and the two lawsuits involve the "same parties (or their privies)," *see Ross*, 634 F. 2d at 457.

**¶26** To determine whether the suits involve the same claims or causes of action federal courts examine four criteria:

> (1) whether the two suits arise out of *the same transactional nucleus* of facts; (2) whether rights or interest established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (citation omitted). Whether the two suits arise from the same "transactional nucleus" depends on whether they involve "the same set of facts" and could reasonably be tried together. *See id.*

**¶27** First, the two suits arise out of the same transaction. The 2016 suit and the instant suit involve the same loan and the same property. And just as in the 2016 lawsuit, in this dispute Brosnahan contests Caliber's ability to enforce the deed of trust and foreclose on the property based on a variety of theories and allegations. Second, Caliber's rights and interests established by the 2016 lawsuit would be destroyed if Brosnahan were to prevail in the current lawsuit. Third, the two lawsuits involve infringement

of Caliber's right to enforce the note and foreclose on the deed of trust. Fourth, the evidence required to litigate the claims in both actions is substantially the same.

**¶28**        Because all the factors for claim preclusion are satisfied, Brosnahan's claims for quiet title and declaratory relief are precluded. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005) ("Different theories supporting the same claim for relief must be brought in the initial action.") (citation omitted). And without viable claims for quiet title and declaratory relief, there is no basis for Brosnahan's claim that Caliber violated § 33-420 (wrongful recording statute).

### C.        Attorneys' Fees

**¶29**        In its final judgment, the superior court awarded Caliber $84,180 in attorneys' fees. The court also denied Brosnahan's application for a fee award on Caliber's counterclaim. We review an award of attorneys' fees for an abuse of discretion and will uphold the award if it has any reasonable basis. *Maleki v. Desert Palms Pro. Props., L.L.C.*, 222 Ariz. 327, 333–34, ¶ 32 (App. 2009).

**¶30**        Brosnahan argues the fee award violates anti-deficiency protections under A.R.S. § 33-814. But this statute applies to circumstances not presented here, as anti-deficiency protections only apply after property is "sold pursuant to the trustee's power of sale." A.R.S. § 33-814(G). The property has not yet been sold, and any deficiency is purely speculative. Even so, Caliber is required by statute to apply proceeds from the sale first to "the costs and expenses of exercising the power of sale" including "reasonable attorney fees" to avoid any double recovery of fees. *See* A.R.S. § 33-812(A)(1). Moreover, as the prevailing party, Caliber was entitled to a fee award under the terms of the note and the deed of trust, both of which allow recovery of reasonable attorneys' fees incurred in enforcing their terms. Brosnahan has not shown that the court abused its discretion in awarding fees to Caliber.

**¶31**        Brosnahan also contends the court should have ordered Caliber to pay attorneys' fees because its counterclaim improperly named Mary Brosnahan, did not satisfy particularity requirements, discovery had been completed, and Caliber was not the "net winner." But the record shows Caliber voluntarily dismissed the counterclaim and Caliber is the prevailing party on the merits. Brosnahan has not shown the court abused its discretion in denying the fee request.

**¶32** On appeal, Caliber requests attorneys' fees and costs under the terms of the note and the deed of trust. Because Caliber is the prevailing party on appeal, we award reasonable attorneys' fees and costs subject to compliance with ARCAP 21.

## CONCLUSION

**¶33** We affirm the superior court's judgment entered in favor of Caliber.



AMY M. WOOD • Clerk of the Court
FILED:
JT